IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACQUELINE BEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:20cv00862-CMH-TCB |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

**ANSWER**

Defendant Life Insurance Company of North America ("LINA"), by counsel, hereby sets forth its Answer in response to the Complaint ("Complaint") filed by Plaintiff Jacqueline Beal ("Plaintiff").

1. Regarding the allegations of paragraph 1 of the Complaint, LINA admits, upon information and belief, that Plaintiff is an adult citizen and resident of the Commonwealth of Virginia and was reportedly previously employed as a Configuration Management Analyst with Science Applications International Corporation ("SAIC"). LINA denies the remaining allegations of paragraph 1, including that Plaintiff is disabled as defined under the SAIC group long-term disability employee benefit plan (the "Plan").

2. LINA admits the allegations of the first two sentences of paragraph 2 of the Complaint. The remaining allegations state conclusions of law and LINA denies all allegations to the extent they mis-state the law in any manner.

3. The allegations of paragraph 3 of the Complaint state conclusions of law and LINA denies all allegations to the extent they mis-state the law in any manner.

4. The allegations of paragraph 4 of the Complaint state conclusions of law and LINA denies all allegations to the extent they mis-state the law in any manner.

5. Regarding the allegations of paragraph 5 of the Complaint, LINA admits that Plaintiff seeks relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). LINA denies the remaining allegations of paragraph 5, including that Plaintiff is entitled to any of the relief sought, and it denies that it engaged in any wrongdoing.

6. LINA admits the jurisdictional allegations of paragraph 6 of the Complaint.

7. LINA admits the allegations of paragraph 7 of the Complaint that venue is proper in this jurisdiction.

8. The allegations of paragraph 8 of the Complaint refer to the terms and provisions of the Plan, which speak for themselves, and the allegations of paragraph 8 are denied to the extent that they attempt to paraphrase or characterize the terms and provisions of the Plan. LINA denies the remaining allegations of paragraph 8.

9. LINA denies the allegations of paragraph 9 of the Complaint.

10. The allegations of paragraph 10 of the Complaint refer to the terms and provisions of the Plan, which speak for themselves, and the allegations of paragraph 10 are denied to the extent that they attempt to paraphrase or characterize the terms and provisions of the Plan. LINA denies the remaining allegations of paragraph 10.

11. LINA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies the same.

12. Regarding the first sentence of paragraph 12 of the Complaint, LINA is without information sufficient to admit or deny whether Plaintiff became eligible to participate in other employee benefits plans provided by SAIC, separate and apart from the Plan at issue in the

Complaint. LINA admits that Plaintiff was at one time eligible to participate in and did participate in the Plan, and that the Plan was funded through a Group Disability Policy issued by LINA to SAIC.

13. Regarding the allegations of paragraph 13 of the Complaint, LINA admits that Plaintiff applied for and, for a period of time, received benefits under the Plan. LINA denies the remaining allegations of paragraph 13.

14. Regarding the allegations of paragraph 14 of the Complaint, LINA admits, upon information and belief, that Plaintiff was previously employed as a Configuration Management Analyst with SAIC and that she was a participant in the Plan. LINA is without information sufficient to admit or deny the allegations regarding Plaintiff's work experience and therefore denies the same. LINA denies the remaining allegations of paragraph 14, including that Plaintiff is or became disabled under the Plan.

15. Regarding paragraph 15 of the Complaint, LINA is without information sufficient to admit or deny the allegations relating to Plaintiff's job responsibilities with SAIC and therefore denies the same. LINA denies the remaining allegations of paragraph 15.

16. Regarding the allegations of paragraph 16 of the Complaint, LINA is without information sufficient to admit or deny the allegations and therefore denies the same.

17. Regarding the allegations of paragraph 17 of the Complaint, LINA admits that there are medical records in the claim file maintained by LINA, which speak for themselves, reflecting that Plaintiff sought or obtained medical treatment from Jeffrey Conklin, M.D. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions or the opinions of Dr. Conklin as reflected in her medical records or as otherwise alleged, and to the extent the allegations of paragraph 17

attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 17, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

18. Regarding the allegations of paragraph 18 of the Complaint, LINA admits that there are medical records in the claim file maintained by LINA, which speak for themselves, reflecting that Plaintiff sought or obtained medical treatment from Joseph Jemsek, M.D. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions or the opinions of Dr. Conklin as reflected in her medical records or as otherwise alleged, and to the extent the allegations of paragraph 18 attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 18, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

19. Regarding the allegations of paragraph 19 of the Complaint, LINA admits that there are medical records in the claim file maintained by LINA, which speak for themselves, reflecting that Plaintiff sought or obtained an infectious disease consultation from Antonio Pastor, M.D. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions or the opinions of Dr. Pastor as reflected in her medical records or as otherwise alleged, and to the extent the allegations of paragraph 19 attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 19, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

20. Regarding the allegations of paragraph 20 of the Complaint, LINA admits that there are medical records in the claim file maintained by LINA, which speak for themselves, reflecting

that Plaintiff sought or obtained neuropsychological testing from Rick Parente, Ph.D. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions or the opinions of Dr. Parente as reflected in her medical records or as otherwise alleged, and to the extent the allegations of paragraph 20 attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 20, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

21. Regarding the allegations of paragraph 21 of the Complaint, LINA admits that there are records in the claim file maintained by LINA, which speak for themselves, reflecting that Plaintiff's last day worked was January 25, 2013. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions or the medical opinions as reflected in the medical records or as otherwise alleged, and to the extent the allegations of paragraph 21 attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 21.

22. Regarding the allegations of paragraph 22 of the Complaint, LINA admits that Plaintiff applied for and received short-term disability benefits. To the extent Plaintiff's allegations in paragraph 22 refer to the terms of the Plan, it speaks for itself and all allegations attempting to paraphrase or characterize the Plan are denied. LINA denies the remaining allegations of paragraph 22.

23. Regarding the allegations of paragraph 23 of the Complaint, LINA admits that Plaintiff applied for and, for a period of time, received long-term disability ("LTD") benefits. LINA denies the remaining allegations of paragraph 23, including any allegations, express or implied, that Plaintiff is disabled under the Policy.

24. The allegations of paragraph 24 of the Complaint refer to a December 17, 2014 letter, which speaks for itself, and LINA denies the allegations of paragraph 24 to the extent they attempt to paraphrase or characterize the contents of that letter. LINA admits that it continued to pay benefits until December 2014, but it denies the remaining allegations of paragraph 24.

25. Regarding the allegations of paragraph 25 of the Complaint, LINA admits that on or about June 25, 2015, Plaintiff submitted an administrative appeal, but LINA denies the remaining allegations of paragraph 25, including any allegation that it engaged in wrongdoing.

26. Regarding the allegations of paragraph 26 of the Complaint, LINA admits that on or about August 26, 2015, LINA overturned its previous determination that Plaintiff was ineligible for LTD benefits, but LINA denies the remaining allegations of paragraph 26, including any allegation that it engaged in wrongdoing.

27. The allegations of paragraph 27 of the Complaint refer to a Social Security Administration ("SSA") award, which speaks for itself. To the extent the allegations of paragraph 27 attempt to paraphrase or characterize the contents of the award, the allegations are denied.

28. The allegations of paragraph 28 of the Complaint refer to a SSA award, which speaks for itself. To the extent the allegations of paragraph 28 attempt to paraphrase or characterize the contents of the award, the allegations are denied.  LINA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and they are therefore are denied.

29. The allegations of paragraph 29 of the Complaint refer to LINA's July 15, 2016 letter, which speaks for itself, and LINA denies the allegations of paragraph 29 to the extent they attempt to paraphrase or characterize the contents of that letter.

30. LINA denies the allegations of paragraph 30 of the Complaint, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

31. Regarding the allegations of paragraph 31 of the Complaint, LINA admits that there are medical records in the claim file maintained by LINA, which speak for themselves, reflecting that Plaintiff has sought or obtained medical treatment since 2012. LINA is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's medical and mental conditions as reflected in the medical records or as otherwise alleged, and to the extent the allegations of paragraph 31 attempt to characterize the contents of the medical records, they are denied. LINA denies the remaining allegations of paragraph 31.

32. LINA denies the allegations of paragraph 32 of the Complaint.

33. LINA denies the allegations of paragraph 33 of the Complaint.

34. LINA denies the allegations of paragraph 34 of the Complaint.

35. The allegations of paragraph 35 of the Complaint refer to the terms and provisions of the Plan, which speak for themselves, and the allegations of paragraph 35 are denied to the extent that they attempt to paraphrase or characterize the terms and provisions of the Plan.

36. LINA denies the allegations of paragraph 36.

37. LINA denies the allegations of paragraph 37 of the Complaint, including any allegations, express or implied, that LINA has violated the terms of the Plan.

38. LINA denies the allegations of paragraph 38 of the Complaint.

39. LINA denies the allegations of paragraph 39 of the Complaint.

40. The allegations of paragraph 40 of the Complaint refer to appeals dated January 11, 2017 and March 29, 2019, which speak for themselves, and LINA denies all allegations to the extent they attempt to paraphrase or characterize such appeals.

41. The allegations of paragraph 41 of the Complaint refer to a letter dated August 1, 2019, which speaks for itself, and LINA denies all allegations to the extent they attempt to paraphrase or characterize such letter.

42. The allegations of paragraph 42 of the Complaint refer to appeal letters dated January 28, 2020 and March 19, 2020, which speak for themselves, and LINA denies all allegations to the extent they attempt to paraphrase or characterize such appeal letters.

43. The allegations of paragraph 43 of the Complaint refer to a letter dated April 30, 2020, which speaks for itself, and LINA denies all allegations to the extent they attempt to paraphrase or characterize such letter.

44. LINA denies the allegations of paragraph 44 of the Complaint.

45. As its response to paragraph 45 of the Complaint, LINA incorporates by reference its previous responses to paragraphs 1 through 44 of the Complaint as though fully stated herein.

46. LINA denies the allegations of paragraph 46 of the Complaint.

47. LINA admits that Plaintiff was a participant in the Plan. LINA denies the remaining allegations of paragraph 47, including any allegations, express or implied, that Plaintiff is disabled under the Plan.

48. LINA denies the allegations of paragraph 48 of the Complaint.

49. LINA denies the allegations of paragraph 49 of the Complaint.

50. LINA denies the allegations of paragraph 50 of the Complaint.

51. LINA denies the allegations of paragraph 51 of the Complaint.

52. LINA denies the allegations of paragraph 52 of the Complaint.

53. LINA denies the allegations of paragraph 53 of the Complaint.

54. LINA denies the allegations of paragraph 54 of the Complaint.

55. LINA denies the allegations of paragraph 55 of the Complaint.

56. LINA denies the allegations of paragraph 56 of the Complaint.

57. In regard to the "WHEREFORE" clause, including subparts (a) through (e), LINA denies that Plaintiff is entitled to judgment or to any of the relief requested.

58. All allegations not expressly admitted are hereby denied.

59. Plaintiff's claims for benefits is barred because she does not meet the definition of "Disabled" within the meaning of the Plan.

60. The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Plan.

61. Pursuant to the terms of the Plan, LINA reserved discretionary authority and the Court should employ an abuse of discretion standard of review. LINA's decision to deny Plaintiff's claim for benefits under the Plan was in accordance with the terms and conditions of the Policy; it was reasonable; and it was not an abuse of discretion.

62. Under the terms of the Plan, Plaintiff's claim for benefits, if determined to be valid, which LINA denies, is subject to an offset against any amounts received by her from other sources, including, but not limited to, any disability benefits award by the Social Security Administration or other agency.

63. Under the terms of the Plan, Plaintiff's claim for benefits, if determined to be valid, which LINA denies, is subject to an offset against the overpayment of benefits received by Plaintiff in the amount of $71,349.91, because of the amounts received by her from other sources, including, but not limited to, the disability benefits award by the Social Security Administration or other agency.

64. Plaintiff has failed to state a claim upon which relief may be granted.

65. Plaintiff's remedies, if any, are limited to those available under the exclusive civil enforcement provisions of ERISA.

66. Plaintiff's claims may be barred to the extent she has failed to exhaust administrative remedies or comply with the applicable limitations period, contractual or otherwise.

67. Plaintiff's claims may be barred for failing to exhaust administrative remedies.

68. Plaintiff has failed to state a valid claim for attorney's fees under ERISA.

69. LINA hereby reserves the right to add any additional defenses as investigation in this matter continues.

WHEREFORE, Defendant Life Insurance Company of America respectfully requests that the Complaint be dismissed, that it be awarded its costs and attorneys' fees incurred herein, and that it be awarded any such other and further relief as the Court deems just and proper.

                                                  LIFE INSURANCE COMPANY OF NORTH AMERICA

                                                  By:   /s/David E. Constine, III
David E. Constine, III (VSB No. 23223)
Troutman Sanders LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
david.constine@troutman.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October 2020, a true and accurate copy of the foregoing documents was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

>Richard D. Carter, Esquire
>Richard D. Carter PLLC
>1765 Duke Street
>Alexandria, VA  22314
>rcarter@richcarterlaw.com
>*and*
>Charles F. Fuller, Esquire
>McChesney & Dale, P.C.
>4710 Bethesda Avenue, Suite 205
>Bethesda, MD  20814
>chuck@dalelaw.com
>>*Counsel for Plaintiff*

>By:__/s/David E. Constine, III_____
>>David E. Constine, III (VSB No. 23223)
>>Troutman Sanders LLP
>>P. O. Box 1122
>>Richmond, Virginia 23218-1122
>>Telephone: (804) 697-1200
>>Facsimile: (804) 697-1339
>>david.constine@troutman.com
>>>*Counsel for Defendant*